**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID S. MCMAHON, | Case No. CV 07-14-PHX-MHM |
| Plaintiff, | |
| vs. | **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Currently before the Court is David S. McMahon's ("Plaintiff") Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (Dkt. #16). After reviewing the pleadings, the Court issues the following Order.

**I.     BACKGROUND**

This case came before the Court on Plaintiff's complaint for review of the Commissioner of Social Security's (the "Commissioner") denial of Plaintiff's claim for disability benefits under the Social Security Act.[1] (Dkt. #1). On August 15, 2007, the Court remanded this case to the Commissioner for further administration action pursuant to a stipulation for remand filed by the parties on August 7, 2007. (Dkt. #14).

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant.

1    On September 24, 2007, Stephanie Lake, Plaintiff's counsel, filed the instant
2 application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §
3 2412(d)(1)(A) ("EAJA").  (Dkt. #16).  Plaintiff's counsel  requests a total of $5,665.76,
4 representing $350.00 in costs and $5,315.76 in fees for 34.5 hours of attorney time.  (Dkt.
5 #16, Appendix A; Dkt. #18, Appendix A).  The Commissioner opposes Plaintiff's EAJA
6 request as "unreasonable."  (Dkt. #17, p.1).

7 **II.    REQUEST FOR ATTORNEY'S FEES**

8    **A.    Reasonableness of the Number of Hours Claimed**

9    Section 2412(d)(1)(A) of the EAJA provides that a prevailing party in any civil
10 action brought by or against the United States shall be reimbursed for fees and other
11 expenses incurred by that party in the action "unless the court finds that the position of
12 the United States was substantially justified or that special circumstances make an award
13 unjust."  28 U.S.C. § 2412(d)(1)(A).  To award attorney's fees under the EAJA, the Court
14 must determine (1) that the claimant is a "prevailing party"; (2) that the government has
15 not met its burden of showing that its position was "substantially justified" or that special
16 circumstances make an award unjust; and (3) that the requested fees and costs are
17 reasonable.  See Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002).  If the
18 requested fees are not shown to be reasonable, then the Court may reduce the award.  See
19 Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th
20 Cir. 1998) (applying Hensley to cases involving the EAJA).

21    The Commissioner does not dispute that Plaintiff is entitled to reasonable
22 attorney's fees under the EAJA; the Commissioner disputes the requested amount.  (Dkt.
23 #17).  Specifically, the Commissioner contends that Plaintiff's requested fees of
24 $5,315.76, representing 34.5 hours of work, should be reduced to $3,466.80, representing
25 22.5 attorney hours, a reduction of 12 hours of work.  (Id., p.3).  The Commissioner
26 offers multiple objections to Plaintiff's counsel's claimed attorney hours to support this
27 proposed reduction.  The Commissioner asserts that Plaintiff's counsel's record of billing
28 indicating a total of 30.5 hours for reviewing the record and ultimately preparing to file a

summary judgment brief in this case is unreasonable. (Id., p.2). The Commissioner supports this contention by pointing to the fact that this case was remanded based on a stipulation between Plaintiff and the Commissioner, and thus no summary judgment briefs were ultimately filed in this case. (Id.). As such, the Commissioner asserts that Plaintiff's counsel's hours relating to work on the draft brief – 23.2 hours according to Plaintiff's counsel's itemization of attorney time – are unverifiable and unreasonable. (Id., p.3). Thus, the Commissioner requests that Plaintiff's counsel's billable time be reduced by a total of 12 hours for a total reduction of $1,848.96, amounting to an EAJA fee award to Plaintiff of $3,466.80. The Commissioner supports his request to reduce Plaintiff's counsel's billable time by stating that "[o]ver 23 hours billed for briefing and editing a routine disability case seems excessive considering the fact that no brief was ultimately necessary in this Court." (Id.).

Nevertheless, the Court finds that the Commissioner's opinion as to the complexity, or lack thereof, of this case, as well as the fact that no brief was ultimately filed in this case, does not warrant a reduction in the hours claimed by Plaintiff's counsel. See Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D.Cal. 2000) (finding that counsel's expertise in social security matters and the fact that he was well-versed in the law and facts of the case did not justify a reduction in counsel's hours). Many of the arguments advanced by the Commissioner appear to be based on defense counsel's own opinion as to the time necessary for such tasks as communication with the client, drafting the complaint and preliminary matters, and research and briefing relevant to summary judgment briefing. The Commissioner does not offer any expert or other credible authority to suggest that the time billed is unreasonable. Moreover, the tasks performed by Plaintiff's counsel with respect to preparation and drafting of the complaint and communications with the client all appear directly related to the litigation and compensable as attorney tasks as opposed to administrative tasks. "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Id. Indeed, contrary to the

Commissioner's opinion that this case was a routine disability case, it appears that this case was ultimately remanded because the record was incomplete and unorganized, thus taking "extra hours for Plaintiff's counsel to determine whether all the evidence submitted was actually in the administrative record." (Dkt. #18, p.4).

In addition, the fact that "no briefs were ultimately necessary in this Court" because this case was remanded does not mean that counsel was relieved from preparing and working in anticipation of filing briefs in this Court. The Court finds no reason to doubt counsel's statement that "the basis for settling this case was unearthed in the process of drafting the summary judgment motion" and discovering that the administrative record in this case was incomplete. (Dkt. #18, p.4); see Kling v. Sect'y of Dept. of Health & Human Servs., 790 F.Supp. 145, 152 (N.D. Ohio 1992) ("This Court will not second-guess counsel about the time necessary to achieve a favorable result for his client."). Plaintiff's counsel cannot be expected to sit idly by without preparing to prosecute his or her client's case in hopes that the parties may reach an agreement to remand or settle the case. Further, although the Commissioner argues that "[o]ver 23 hours billed for briefing and editing a routine disability case seems excessive," there are plenty of cases indicating that the hours claimed by Plaintiff's counsel falls within the approved range of hours spent on social security matters. See Patterson, 99 F.Supp.2d at 1214, n.2. Further, Plaintiff cites several cases in which courts have approved EAJA fees based on hours significantly greater than those requested here. See Vaughn v. Heckler, 860 F.2d 295, 295-96 (8th Cir. 1988) (approving 77 hours upon EAJA request).

Having reviewed Plaintiff's counsel's "Itemization of Attorney Time" (Dkt. #16, Appendix A) and the parties' respective arguments, the Court concludes that the number of hours claimed for reviewing the file, performing research, and drafting court documents is not unreasonable. As such, the Court finds that Plaintiff counsel's billed

time of 34.5 hours of work[2] is reasonable as required under the EAJA, and thus the Court awards Plaintiff attorney's fees and costs in the amount of $5,665.76 as the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A).[3]

### B. EAJA Award Paid Directly to Plaintiff

In addition to the above dispute regarding the reasonableness of Plaintiff's requested attorney's fees, the Commissioner asks that the Court direct payment of any awarded EAJA attorney's fees to Plaintiff and not Plaintiff's attorney. (Dkt. #17, pp. 4-5). In support of this contention, the Commissioner cites the Court to FDL Tech., Inc. v. United States, for the proposition that "[b]y its terms, [the EAJA] states that the fee award is made <u>to a prevailing party</u>, not the prevailing party's attorney. . . . Thus, under the language of the statute, the prevailing party, and not its attorney, is entitled to receive the fee award." 967 F.2d 1578, 1580 (Fed. Cir. 1992) (citations omitted) (emphasis in original).

In response, Plaintiff states that "[w]hile only Plaintiff has the right to request the payment of fees [under the EAJA], only Plaintiff's counsel has the right to receive them." (Dkt. #18, p.8). Plaintiff also notes that the Commissioner's position regarding the payment of attorney's fees under the EAJA has recently changed, the Commissioner having previously created a system for direct deposit of EAJA fees to pay such fees directly to attorneys. (Id., p. 5). Plaintiff posits that the Commissioner's new position

---

[2] Plaintiff's counsel's 34.5 attorney hours include two hours to draft a reply to the Commissioner's opposition to Plaintiff's application for attorney's fees under the EAJA. See Patterson, 99 F.Supp.2d at 1214-15 ("Plaintiff also is entitled to reimbursement for the . . . hours of attorney time spent litigating [the EAJA] fee motion.") (citing Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir. 1991)).

[3] Plaintiff is also entitled to an award of costs under the EAJA, 28 U.S.C. § 2412(a)(1). The Commissioner does not contest Plaintiff's request for $350.00 in costs. (Dkt. #17, p.5). However, the Commissioner does request that the Court direct that the costs be paid out of the Judgment Fund, instead of the Commissioner's funds, since costs, unlike expenses, are administered by the Department of Justice. (Id.). Plaintiff states no objection, and thus the Court will direct that the $350.00 awarded to Plaintiff for costs under the EAJA shall be paid out of the Judgement Fund.

interpreting the EAJA to require direct payment of EAJA attorney's fees to the plaintiff instead of his or her attorney is based on an attempt to subject attorney's fees awarded under the EAJA to administrative offset of Plaintiff's generalized federal debts pursuant to 31 C.F.R. § 285.5(e)(5). (Id., p.8). As such, Plaintiff asks that the Court "order The Commissioner to pay the EAJA fee to Plaintiff's counsel to avoid a potential offset for federally recoverable debts." (Id., p.10).

The EAJA states, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that the term "prevailing party," as used in § 2412(d)(1)(A), refers to the plaintiff and not to his counsel. (Dkt. #17, p.4; Dkt. #18, pp. 5-6). Indeed, the plain language of the statute dictates as much; the term "prevailing party," as found in the EAJA and other fee-shifting statutes, refers to the plaintiff and not his counsel. See, e.g., Shinn v. Astrue, 2008 WL 2073980, at *7 (E.D.Cal. 2008); Bribiesca v. Astrue, 2008 WL 60413, at *1 (N.D.Cal 2008); McCarty v. Astrue, 505 F.Supp.2d 624, 629 (N.D.Cal. 2007). Thus, the parties agree that if the Court awards attorney's fees pursuant to § 2412(d)(1)(A), then the Court must *award* the fees to the plaintiff. However, the parties' dispute arises with respect to whether that ends the inquiry. The Commissioner argues that it does, stating that as a result of interpreting the term "prevailing party" to mean the plaintiff and not his counsel, the Court must also direct any attorney's fees awarded to the plaintiff pursuant to § 2412(d)(1)(A) to the plaintiff himself, and not his counsel.

The Court is aware of no Ninth Circuit authority interpreting the EAJA directly on this issue. In addition, it appears to be an issue of first impression in this district. However, a number of courts in other circuits, including district courts in this circuit, have weighed in with respect to the issue of EAJA attorney's fees awarded pursuant to §

2412(d)(1)(A). Nonetheless, they have come to little agreement as to the resolution of this issue. The majority of courts addressing this particular issue appear to have accepted the Commissioner's argument, first interpreting the term "prevailing party" to mean the plaintiff and then accepting that such an interpretation requires that the Court direct any attorney's fees awarded under § 2412(d)(1)(A) to the plaintiff and not his counsel. See, e.g., Chonko v. Commissioner of Social Security Admin., 2008 WL 1809188 (D.N.J. 2008) ("[T]he act's awarding of fees to the 'prevailing party' – not to the prevailing party's attorney – is itself sufficient to determine the proper recipient of EAJA fees."); Shinn v. Astrue, 2008 WL 2073980 (E.D.Cal. 2007); Whitmore v. Astrue, 2008 WL 276387 (N.D.Cal. 2008); Hogan v. Astrue, 539 F.Supp.2d 680 (W.D.N.Y. 2008); Pulis v. Commissioner of Social Security, 2008 WL 1899918 (E.D.Cal. 2008); Manning v. Astrue, 510 F.3d 1246 (10th Cir. 2007); McCarty v. Astrue, 505 F.Supp.2d 624 (N.D.Cal. 2007). But not all courts agree with this conclusion. See, e.g., Stephens v. Astrue, 539 F.Supp.2d 802, 821 (D.Md. 2008) (holding that, based on the canons of construction, the legislative history of the EAJA, and other fee-shifting statutes, "attorney's fees awarded under the EAJA must be paid directly to the attorney"); Williams v. Commissioner of Social Security, 2008 WL 1933373 (D.N.J. 2008); Vargas v. Commissioner of Social Security, 2008 WL 699581 (D.N.J. 2008); Garner v. Astrue, 2008 WL 2357409 (W.D.N.Y. 2008). Based on the Court's review of the caselaw, the Court agrees with the latter and finds that although the Court must award to the plaintiff any attorney's fees awarded pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court is not similarly required to direct that such fees be paid directly to the plaintiff.

In Evans v. Jeff D., the Supreme Court made clear that under 42 U.S.C. § 1988, the term "prevailing party" referred to the plaintiff, not his or her attorney, and thus the plaintiff is entitled to seek attorney's fees. 475 U.S. 717, 731-32 (1986). The Supreme Court based its holding not only on its finding that the term "prevailing party" generally

referred to plaintiffs,[4] but on the premise that in enacting § 1988, "Congress neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable; instead, it added them to the arsenal of remedies available to combat violations of civil rights, a goal not invariably inconsistent with conditioning settlement on the merits on a waiver of statutory attorney's fees." 475 U.S. at 731-32. The Supreme Court reiterated that point a few years later in Venegas v. Mitchell, stating that "just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility." 495 U.S. 82, 88 (1990); see also Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th Cir. 1999) (applying Jeff. D and Venegas to hold that "[i]n the absence of a contractual assignment to counsel, § 1988 requires that attorney fee awards be made directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client.").

There is little dispute that in the context of federal fee-shifting statutes, the term "prevailing party" generally refers to the plaintiff and the plaintiff's power to obtain fees for his or her attorney. Indeed, the defendant's liability does not arise unless and until the prevailing plaintiff exercises his or her power to seek attorney's fees; "the attorney remains at the mercy of the client, who can either demand attorneys' fees from the defendant, or not, as he chooses." U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc., 89 F.3d 574, 577 (9th Cir. 1996) (citing Willard v. City of Los Angeles, 803 F.2d 526, 527 (9th Cir. 1986)). However, the fact that "prevailing party" is interpreted to mean the plaintiff and not his attorney, and thus attorney's fees awarded by the Court pursuant to § 2412(d)(1)(A) of the EAJA must be *awarded* to the plaintiff and

---

[4] In Hensley v. Exkerhart, the Supreme Court reiterated that the term "prevailing party" generally referred to plaintiffs rather than their attorneys, noting that the standards governing when plaintiffs may be considered "prevailing parties" for attorney's fees purposes "are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." 461 U.S. 424, 434 n.7 (1983).

not his attorney, does not necessitate the conclusion that those EAJA attorney fee awards likewise must be *paid* directly to the plaintiff and not the attorney.

In Vengas, the Supreme Court held that the term "prevailing party" meant the plaintiff and not his attorney because "as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility." 495 U.S. at 88. The Court said nothing about whether attorney's fees ultimately sought by the plaintiff and awarded under § 1988 had to be paid directly to the plaintiff as opposed to his or her attorney. See Stephens, 539 F.Supp.2d at 817 ("*Jeff D.* holds only that the plaintiff, and not the attorney, is entitled to *seek* an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act; the core issue in Jeff. D. and Venegas was who had the right to seek fees, not who could receive the fee award.") (emphasis in original). However, in Virani, a case involving attorney fee awards in the *qui tam* arena, the Ninth Circuit specifically stated that "[t]he client's right is really a power to obtain fees for his attorney; the attorneys' right does not come into being until the client exercises that power; the defendant's liability will only arise if that power is exercised"; "the fee is for the attorney and the attorney should receive it." 89 F.3d at 577. The Ninth Circuit "was not moved by the argument that the fee was 'nominally' awarded to the plaintiff." Id. at 578. Nevertheless, a few years later, in Gilbrook, the Ninth Circuit stated that "the majority's rationale in Virani does not apply to all federal fee-shifting statutes and, in particular, does not apply to fee awards under § 1988." 177 F.3d at 874. As such, the Gilbrook court made clear that attorney's fees awarded under § 1988 must be made directly to the plaintiff and not his or her attorney. Id. at 874-75. Nonetheless, this Court will not read Gilbrook to mandate that whenever the term "prevailing party" is used in a federal fee-shifting statute, the attorney's fees awarded thereunder to the plaintiff must be paid directly to the plaintiff and not his or her attorney.

The Gilbrook court distinguished Virani by finding that "[t]here are significant differences between a fee award under § 1988 and a fee award in a qui tam action." 177 F.3d at 874. Likewise, there are significant differences between a fee award under § 1988

- 9 -

and a fee award under § 2412(d)(1)(A) of the EAJA. First, the Court cannot view the attorney's fee provision in § 2412(d)(1)(A) in isolation; it must view the EAJA as a whole. See Smith v. United States, 508 U.S. 223, 233 (1993) ("Just as a single word cannot be read in isolation, nor can a single provision of a statute."). In particular, the Savings Provision, added to the EAJA in 1985, directs the attorney to refund to his or her client the lesser of his fee awards, if he is awarded fees for the same work under both the EAJA and the Social Security Act. See Equal Access to Justice Act, Pub.L. 96-481, as amended by Pub.L. 99-80, 99 Stat. 186 (1985). As such, "[t]he 1985 amendement does suggest the congressional understanding as to the actual recipient of the attorney's fee awards under the EAJA. That provision would not be necessary if, as the government posits, attorney's fees under EAJA belong to and necessarily go to the prevailing party." Stephens, 539 F.Supp.2d at 806. Although, the Court must award attorney's fees to the plaintiff and not his or her attorney under § 2412(d)(1)(A), in order to give full effect to the Savings Provision and harmonize it with § 2412(d)(1)(A), the Court must also direct EAJA attorney fee awards to the plaintiff's attorney and not the plaintiff.

Second, the main rationale behind awarding and directing attorney's fees to the plaintiff instead of his or her attorney under § 1988 is that "as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility." Venegas, 495 U.S. at 88. That rationale is not present here. A plaintiff seeking attorney's fees under § 2412(d)(1)(A) of the EAJA does not have the right to waive, settle, or negotiate that eligibility. In addition, as Plaintiff points out, "Plaintiff's counsel cannot charge any fee except a contingency fee under [42 U.S.C. 406(b)] where the claimant for benefits seeks past due benefits" (Dkt. #23, p.7), and even then, the Court may only allow a reasonable attorney's fee "not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of a favorable judgment." 42 U.S.C. 406(b). Thus, both 42 U.S.C. 406(b) and 28 U.S.C. § 2412(d)(1)(A) work to ensure that attorneys in the social security arena recover reasonable attorney's fees when a court renders a judgment favorable to a claimant, and the EAJA Savings Provision works to ensure that attorneys

do not obtain more than a reasonable fee even if fees are sought under both provisions. This is quite unlike the attorney fee awards in the civil rights arena, in which "[w]hat a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract." Venegas, 495 U.S. at 90. Unlike § 1988, which "controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer," Venegas, 495 U.S. at 88, both §§ 2412(d)(1)(A) and 406(b) control what the prevailing plaintiff must pay his lawyer, which is necessarily measured by the "reasonable attorney's fee" standard. As in Virani, this Court is not moved by the argument that simply because EAJA attorney fee awards are nominally awarded to the plaintiff, the fees must therefore be directed to the plaintiff and not his or her attorney. The Court finds that the differences between attorney fee awards in the civil rights context under § 1988 and those in the social security context under § 2412(d)(1)(A) place the latter squarely within the Virani line of reasoning.

   The Court recognizes that the Ninth Circuit's decision in Virani was also based on the fact that in qui tam actions, any False Claim Act settlements that are reached are structured as attorney's fees, to which the government is guaranteed a substantial portion. 89 F.3d at 578. Thus, if the attorney's fees were directed to the plaintiff, then the False Claims Act's purpose would be frustrated because fees would be "a compensatory payment which really belongs to the United States subject to allocation of a portion to the plaintiff." Id. Similarly here, awarding EAJA fees to the plaintiff rather than his counsel, would frustrate the EAJA's purpose. The purpose of the EAJA is to allow impoverished litigants to challenge adverse governmental actions, which is accomplished by allowing successful litigants to recover attorney's fees, thus diminishing a powerful disincentive to mounting such challenges. See EAJA, Pub. L. No. 96-481, § 202(c)(1), 94 Stat. 2321 (1980) ("It is the purpose of this title . . . to diminish the deterrent effect of seeking

review of, or defending against, governmental action by providing in specified situations an award of attorney fees . . . against the United States . . . .").

However, as Plaintiff noted in his reply, if EAJA attorney's fees are directed to the plaintiff and not his attorney, then the fees would be subject to administrative offset of the plaintiff's generalized federal debts pursuant to 31 C.F.R. § 285.5(e)(5). See McCarty v. Astrue, 505 F.Supp.2d 624, 632 (N.D.Cal. 2007) ("Since all federal payments are subject to administrative offset unless explicitly excluded or prohibited by federal statute, and EAJA awards are not explicitly excluded or prohibited by federal statute, EAJA awards are subject to administrative offset."). If that is the case, then that result is entirely inconsistent with the EAJA's purpose of attracting competent counsel to represent impoverished litigants. Indeed, administrative offset of EAJA attorney fee awards would in effect reduce social security attorneys to unsecured creditors of impoverished litigants. This lies in stark contrast to Gilbrook and Venegas, in which the Ninth Circuit found that denying civil rights lawyers a direct payment of fee awards *is* consistent with § 1988's purpose of attracting competent counsel to represent civil rights plaintiffs because civil rights lawyers can simply protect their interest in a fee award by executing contracts. Gilbrook, 177 F.3d at 874; Venegas 495 U.S. at 90. As discussed above, that is not the case here. The possibility of administrative offset under 31 C.F.R. § 285.5(e)(5) merely exemplifies the differences between a fee award under § 2412(d)(1)(A) of the EAJA and a fee award under § 1988, and supports the finding that the former is more akin to a fee award in a *qui tam* action. Thus, the Court adopts the majority's rational in Virani and finds that attorney fee's awarded under § 2412(d)(1)(A) of the EAJA must be directed to the plaintiff's attorney and not the plaintiff. See Virani, 89 F.3d at 579 ("Were the rule otherwise, plaintiff would obtain possession of fee awards, and attorneys would be left to attempt to obtain the money paid for their services as best they could. Left to the normal vicissitudes of life, substantial sums would be diverted from their intended purpose. Actions of the client or fo the client's creditors (or heirs) would often intervene. That

would not only thwart the Congressional purpose but would also make no sense at all and would lead to unconscionable results.").

### III. CONCLUSION

In sum, after reviewing Plaintiff's request and the Commissioner's statement in response, the Court finds that the attorney's fees requested are reasonable.  Further, although the Court finds that § 2412(d)(1)(A) of the EAJA requires that attorney's fees must be sought by, and awarded to, the plaintiff and not his or her attorney, the Court also finds that EAJA conversely allows, and indeed anticipates, that such fee awards will be directly payable to the plaintiff's attorney and not the plaintiff.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. #16) is GRANTED.  Plaintiff is awarded attorney's fees totaling $5,315.76, resulting from 34.5 attorney hours at an hourly rate of $154.08.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $350.00 in costs, to be paid out of the Judgement Fund, as administered by the U.S. Department of Justice and requested by the Commissioner.

**IT IS FURTHER ORDERED** that the EAJA attorney fee and cost award of $5,665.76 shall be paid directly to Plaintiff's counsel.

DATED this 5th day of September, 2008.

_____
Mary H. Murguia
United States District Judge