**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DAVID S. MCMAHON,        ) | No. CV 07-14-PHX-MHM |
|                          ) |  |
| Plaintiff,               ) | **ORDER** |
|                          ) |  |
| vs.                      ) |  |
|                          ) |  |
| MICHAEL J. ASTRUE, Commissioner ) |  |
| of Social Security,      ) |  |
|                          ) |  |
| Defendant.               ) |  |
|                          ) |  |

Currently before the Court is Defendant Michael J. Astrue's (the "Commissioner") Motion for Relief under Fed.R.Civ.P. 59(e), requesting that the Court reconsider its September 8, 2008 order that Plaintiff's EAJA attorney's fees and costs be made payable directly to Plaintiff's counsel. (Dkt. #20).

**I.     BACKGROUND**

On September 24, 2007, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. #16). The Commissioner filed a Response, requesting that the Court substantially reduce Plaintiff's fee request and reject Plaintiff's request that the Court order payment of EAJA fees directly to Plaintiff's counsel; "such fees must be made payable to Plaintiff." (Dkt. #17, p.5).

On September 8, 2008, the Court granted Plaintiff's Motion for Attorney's Fees and costs in the requested amount of $5,665.76 as the "prevailing party" pursuant to 28

U.S.C. § 2414(d)(1)(A). (Dkt. #19). The Court also directed the EAJA attorney's fee and cost award to be paid directly to Plaintiff's counsel, rather than the plaintiff himself. (Id., p.13).

On September 20, 2008, the Commissioner moved for relief under Fed.R.Civ.P. 59(e), requesting that the Court grant the Motion and amend its September 8, 2008 order to direct that EAJA fees be paid directly to Plaintiff, not Plaintiff's counsel. (Dkt. #s 20, 21). Plaintiff filed a Response, arguing only that the Commissioner's Motion was untimely. (Dkt. #22). However, the Commissioner's Motion for Relief was timely, and thus the Court provided Plaintiff a further opportunity to file a substantive response to the Motion as required under LRCiv 7.2(g). (Dkt. #23). Plaintiff declined to file a response.

## II.     STANDARD

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Relief under Rule 59(e) is appropriate only if: (1) "the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based'; (2) the moving party presents 'newly discovered or previously unavailable evidence'; (3) the motion is necessary to 'prevent manifest injustice'; (4) there is an 'intervening change in controlling law.'" Turner v. Burlington Northern Santa Fe R. Co., 228 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 n. 5 (9th Cir. 2008) (quoting 11 Wright & Miller, supra, § 2810.1, at pp. 127-128).

//

### III.    DISCUSSION

The Commissioner moves for relief under Fed.R.Civ.P. 59(e) on the ground that the Court's September 8, 2008 order is based on a manifest error of law. (Dkt. #20, p.1). In support of his position, the Commissioner states that "[a]fter the Commissioner filed his EAJA opposition brief, other circuit and district courts issued orders that have followed the plain meaning and found that the only reasonable interpretation of the term 'prevailing party' in the EAJA is that it refers to the claimant-litigant himself, and not his attorney." (Dkt. #21, pp. 2-3). The Commissioner cites to, inter alia, two circuit decisions – Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008), and Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2007) – and various district court opinions, including one from this District in which Magistrate Judge Edward Voss granted a similar Motion for Relief under Fed.R.Civ.P. 59(e) in light of the Commissioner's citation to Reeves. Rasho v. Astrue, CV 06-2267-PHX-ECV (D. Ariz. June 14, 2008) ("Upon reconsideration, the court finds that the great weight of authority supports awarding the attorney's fees to Plaintiff and not Plaintiff's counsel."). The Commissioner also cites to an unpublished, four-sentence order in Lozano v. Astrue, No. 06-15935 (9th Cir. July 18, 2008), in which the Ninth Circuit cited to Reeves in support of its denial of the appellant's request that the attorney's fees be directly awarded to counsel.

However, this Court is not bound by out-of-circuit decisions. See Hall v. Eichenlaub, 559 F.Supp.2d 777, 782 (E.D. Mich. 2008) ("[A] district court is not bound by decisions of Courts of Appeals for other circuits."); cf. Hart v. Massanari, 266 F.3d 1155, 1172-73 (9th Cir. 2001) ("[A]n opinion of our court is binding within out circuit, not elsewhere in the country."). Nor is this Court bound by the decisions of another district court within this circuit. Starbuck v. San Francisco, 556 F.2d 450, 457 n. 13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district judge to follow a decision of another in the same district."). Further, although parties may cite to an unpublished decision issued on or after January 1, 2007, pursuant to Fed.R.App.P. 32.1, "[u]npublished dispositions and orders of th[e] [Ninth Circuit] . . . are not precedent." 9th

1  Cir. R. 36-3(a); see also United States Bancorp Mortg. Co. v. Bonner Mall P'ship, 513
2  U.S. 18, 24 (1994) ("This seems to us a prime occasion for invoking our customary
3  refusal to be bound by dicta, and our customary skepticism toward per curiam
4  dispositions that lack the reasoned consideration of a full opinion.") (internal citations
5  omitted).  Thus, the Court is not bound by Lozano, Reeves, Lasho, or the other opinions
6  cited by the Commissioner, and the Court did not commit clear error of law by declining
7  to adopt their reasoning.

8  More importantly, in Reeves, the Eleventh Circuit merely adopted the reasoning
9  and conclusion reached by the 10th Circuit in Manning and the Federal Circuit in FDL
10 Technologies, Inc. v. United States, 967 F.2d 1578 (Fed. Cir. 1992), that 28 U.S.C.
11 2412(d)(1)(A)'s "reference to the 'prevailing party' unambiguously directs the award of
12 attorney's fees to the party who incurred those fees and not to the party's attorney.
13 Accord Manning v. Astrue, 510 F.3d 1246, 1249-50 (10th Cir. 2007)."  Reeves, 526 F.3d
14 at 735.  However, this Court already addressed, and declined to adopt, that conclusion
15 (Dkt. #19, pp. 6-7) in light of U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts &
16 Equipment, Inc., 89 F3d 574, 577 (9th Cir. 1996).  (Dkt. #19, pp. 8-9, 11-13)[1]; accord
17 Laosouvanh v. Astrue, 2009 WL 799122, at *4 (E.D. Cal 2009).  Thus, although the
18 Commissioner cites to new opinions the instant Motion appears to be an improper attempt
19 to re-litigate matters that were raised prior to entry of judgment.[2]  See, e.g., Exxon, 128

---

[1] The Commissioner declined to address Virani in the instant Motion for Relief.

[2] The Court notes that the Commissioner's Motion for Relief relies in large part on Manning and Chonko v. Astrue, 2008 WL 1809188 (D.N.J. 2008).  (Dkt. #21, pp. 5-8, 10-11).  The Court noted both of those cases in its previous Order.  (Dkt. #19, p.7).  In addition, although the Commissioner states that the Court's alternative holding that "in order to give full effect to the Savings Provision and harmonize it with § 2412(d)(1)(A), the Court must also direct EAJA attorney fee awards to the plaintiff's attorney and not the plaintiff" (id., p.10), amounts to an "unfounded insistence that the Savings Provision evinces an intent that attorney directly receive EAJA fees" (Dkt. 21, p.5), the Court's conclusion with respect to the Savings Provision is the same as that in Quade v. Barnhart, 570 F.Supp.2d 1164, 1171 (D. Ariz. 2008):

S.Ct. at 2617 n. 5; Fox v. American Airlines, Inc., 295 F.Supp.2d 56, 60 (D.D.C. 2003) ("[A] motion to amend judgment is not simply an opportunity to reargue facts and theories upon which a court has already ruled.") (internal quotation marks and citation omitted).

In addition, the Court finds it disconcerting that the Commissioner failed to acknowledge that the Eighth Circuit recently rejected, based on circuit precedent, the conclusion reached in Reeves, Manning, and FDL Technology, holding that "EAJA fee awards become the property of the prevailing party's attorney when assessed and may not be used to offset the claimant's debt." Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008). Nor did the Commissioner acknowledge that various district courts, some of which were cited in the Court's previous order (Dkt. #19, p.7), have come to similar conclusions as this Court with respect to EAJA attorney fee awards. In particular, the Court notes that Judge Raner Collins (D. Ariz.) recently adopted Magistrate Judge Charles Pyle's thorough and well-reasoned Report and Recommendation, which independently came to the same conclusion as this Court – "Plaintiff's attorney . . . is entitled to direct receipt of the EAJA award of attorney's fees." Quade, 570 F.Supp.2d at 1179-80.[3] Magistrate Judge Pyle similarly applied the Ninth Circuit's reasoning in Virani

---

This Court does not find either the Savings Provision or §§ 2412(d)(1)(B), 2(A) conclusive on the issue of whether § 2412(d)(1)(A) prevents payment of attorney's fees to the attorney directly. Those provisions, however, cast doubt on the certitude that the use of "prevailing party" in § 2412(d)(1)(A) permits payment of attorney's fees only to the actual party. These provisions undermine the 'coheren[ce] and consist[ency] of the statutory scheme the government urges." Robinson [v. Shell Oil Co.], 519 U.S. [337,] [ ] 340 . . . [(1997)]; see also, Sutherland, § 45:2-8. Accordingly, this Court reaches beyond the bare language of the statute to determine and effect Congressional intent of the statute.

[3]In Quade, CV05-0015-TUC-RCC (CRP), the Commissioner also filed a Motion for Relief Pursuant to Fed.R.Civ.P. 59(e), similarly asserting that Reeves and Lozano established that Magistrate Judge Pyle's Report and Recommendation was based on a manifest error of law or fact. Dkt. #49. Judge Collins summarily denied the Commissioner's Motion: "The

1  and held, among other things, that adopting the Commissioner's interpretation of the
2  EAJA such that payment of attorney's fees must be directed to the actual plaintiff "is an
3  absurd result that thwarts the purpose of the EAJA." <u>Quade</u>, 570 F.Supp.2d at 1173.  As
4  indicated in its September 8, 2008 order, this Court agrees, and thus finds no reason to
5  revisit the Commissioner's previous arguments with respect to EAJA attorney fee awards.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion for Reconsideration. (Dkt. #20)

DATED this 17th day of April, 2009.

_____
Mary H. Murgula
United States District Judge

---

Court does not find the [Commissioner's] argument persuasive nor the cases cited applicable." Dkt. #51.